

THOMAS J. CATLIOTA
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MARYLAND
### at GREENBELT

| | | |
|---|---|---|
| In Re: | * | |
| Rose M. Mayo, | * | Case No.   05-90692-TJC |
| | * | Chapter   7 |
| Debtor. | * | |
| ***************************************** | * | |
| W. Clarkson McDow, Jr., U.S. Trustee, | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | Adv Proc.   06-01722 |
| Rose M. Mayo, | * | |
| | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM OF DECISION IN SUPPORT OF
## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Plaintiff's Motion for Summary Judgment (the "Motion"),

filed by W. Clarkson McDow, Jr., United States Trustee for Region Four (the

"Plaintiff"). Docket No. 6. No response has been filed to the Motion. In the Motion the

Plaintiff seeks an order on his Amended Complaint Objecting to Discharge (the "Complaint") denying a discharge to Defendant, Rose M. Mayo (the "Defendant") pursuant to 11 U.S.C. § 727(a)(8). For the reasons stated herein, the Motion will be granted.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a), and Local Rule 402 of the United States District Court for the District of Maryland. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## APPLICABLE STANDARDS

Summary judgment under Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. One of the principal purposes of summary judgment is to isolate and dispose of all factually unsupported claims or defenses. Celotex v. Catrett, 477 U.S. 317, 323 (1986). To that end, the court considers all evidence in a light most favorable to the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (all justifiable inferences are drawn in the non-movant's favor). The mere existence of an alleged factual dispute does not defeat a motion for summary judgment; rather the standard requires that there be no genuine issue of *material* fact. Id at 247-48 (emphasis added). Only disputes over the facts that might affect the outcome of the lawsuit under applicable law will preclude entry of summary judgment. Id. Therefore, once a motion for summary judgment is made and supported as provided in the Rule, the non-moving party must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The non-movant may rely on any evidentiary materials listed in Rule 56(c), except the motions themselves. Celotex, 477 U.S. at 325. If reasonable minds could differ as to

the import of the evidence, summary judgment should not be granted.  <u>Liberty Lobby, Inc.</u>, 477 U.S. at 248.

There are no material disputes of fact in the instant case.  Although the Defendant filed a responsive pleading to the Complaint (Docket No. 5), that response fails to deny any of the allegations set forth in the Complaint as required by Fed. R. Bankr. P. 7008.  Moreover, the core facts upon which the Motion is based are matters of docket record in this bankruptcy case and a prior bankruptcy case filed by the Defendant, as described further below.

## MATERIAL FACTS NOT IN DISPUTE

On December 27, 2005, the Defendant filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code initiating case No. 05-90692-TJC.  Complaint at ¶ 5.  On June 30, 2006, the case was converted to one under Chapter 7 of the Bankruptcy Code.  Complaint at ¶ 6.

The Defendant previously filed a petition for relief under Chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of Maryland on November 13, 2000, in the case of Rose Marie Mayo, Case No. 00-22042-PM.  Complaint at ¶ 7.   The Defendant received a Chapter 7 discharge in Case No. 00-22042-PM on February 21, 2001.   Complaint at ¶ 8.

## CONCLUSIONS OF LAW

Pursuant to Section 727(a)of the Bankruptcy Code, the Court shall grant the Debtor a discharge unless:---

> (8) the debtor has been granted a discharge under this section, or section 1141 of this title, or under section 14, 371, or 476 of the Bankruptcy Act [former 11 U.S.C. §§ 32,

3

>771, 876], in a case commenced within 8 years before the
>date of the filing of the petition.

11 U.S.C. § 727(a)(8). The undisputed facts in this case entitle the Plaintiff for judgment as a matter of law under Section 727(a)(8).

The Defendant commenced Case No. 00-22042-PM in this Court on November 13, 2000. On February 21, 2001, the Defendant received a Chapter 7 discharge in that case. The Defendant's current bankruptcy case was commenced on December 27, 2005, less than 8 years following the commencement of Case No. 00-22042-PM.

Consequently, under the express language of Section 727(a)(8) of the Bankruptcy Code, Plaintiff is entitled to judgment as a matter of law on the Complaint.

## CONCLUSION

For the reasons stated above, the Motion will be granted and the Defendant will be denied a discharge pursuant to 11 U.S.C. § 727(a)(8). An appropriate order will be entered.

Copies To:

Plaintiff- Pro Se
Defendant
Defendant's Attorney
Trustee
U.S. Trustee